UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
AT KANSAS CITY

| | |
|---|---|
| ARTHUR I. MURPHY, JR., IRA, Derivatively on Behalf of SPRINT NEXTEL CORPORATION,<br><br>Plaintiff,<br><br>vs.<br><br>GARY D. FORSEE, PAUL N. SALEH, WILLIAM G. ARENDT, ROBERT R. BENNETT, JAMES H. HANCE, JR., IRVINE O. HOCKADAY, JR., GORDON M. BETHUNE, LARRY C. GLASSCOCK, DANIEL R. HESSE, V. JANET HILL, RODNEY O'NEAL, KEITH J. BANE, LINDA K. LORIMER, WILLIAM E. KENNARD and WILLIAM H. SWANSON<br><br>Defendants,<br><br>-and-<br><br>SPRINT NEXTEL CORPORATION, a Kansas corporation,<br><br>Nominal Defendant. | **NOTICE OF REMOVAL**<br><br>Related Case: Civil Action No. 09-CV- 2122 EFM/KMH<br><br>09-CV-2242 KHV/JPO |

TO: THE HONORABLE JUDGES OF THE UNITED STATES
DISTRICT COURT FOR THE DISTRICT OF KANSAS AT KANSAS CITY

PLEASE TAKE NOTICE that for the reasons set forth below, Defendants Sprint Nextel Corporation ("Sprint"), Gary D. Forsee, Paul N. Saleh, and William G. Arendt (together the "Defendants") file this Notice of Removal to remove this action from the District Court of Johnson County, Kansas ("State Court Action") to the United States District Court for the District of Kansas at Kansas City pursuant to 28 U.S.C. § 1441. In support of the Notice of Removal, Defendants state as follows:

## BACKGROUND TO THE NOTICE OF REMOVAL

1. Plaintiff Arthur I. Murphy, Jr. (the "Plaintiff") filed a "Verified Shareholder Derivative Petition For Breach Of Fiduciary Duty, Abuse Of Control, Corporate Waste And Gross Mismanagement" (the "Petition" or "Petit.") on or about April 8, 2009 in State Court, Civil Action No. 09CV3132. True and correct copies of the Petition, as well as all papers filed in the State Court Action, are attached hereto as Exhibit A. No Defendant was served with the Petition prior to April 8, 2009. The time for Defendants to respond to the Petition has been extended until June 15, 2009. A copy of the Order extending Defendant's time to respond to the Petition is attached hereto and included in Exhibit A.

2. The Petition purports to assert claims derivatively on behalf of Sprint for breach of fiduciary duty, abuse of control, and gross mismanagement based upon, among other things, violations of the federal securities laws including allegedly permitting Sprint to file false and misleading statements with the United States Securities and Exchange Commission (the "SEC").

3. The Petition alleges, inter alia, that on January 18, 2008, Sprint issued a press release announcing loss of subscribers and plans to streamline its operations (Petit. ¶ 48).

4. The Petition further alleges, inter alia, that on February 28, 2008, Sprint issued its fourth quarter and full year 2007 financial results disclosing a net loss of $29.5 billion (Id. ¶ 51).

5. Plaintiff alleges that each of these disclosures purportedly revealed a concealed truth to the market, which consequently caused a decline in Sprint's stock price and damage to the Plaintiff. (Id. ¶ 52)

6. On or about March 10, 2009, a purported securities class action asserting claims based on Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b) and 15 U.S.C. § 78t(a) respectively, and Securities and Exchange Commission Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5, was commenced in the United States District

Court for the District of Kansas at Kansas City against the Defendants. This action, which is assigned to the Hon. Eric F. Melgren and Magistrate Judge Karen M. Humphreys, is styled <u>Cora E. Bennett vs. Sprint Nextel Corporation, et al.</u>, 09-CV-2122 (EFM/KMH) (the "<u>Bennett</u> Action"). A copy of the <u>Bennett</u> Complaint is attached hereto as Exhibit B. Among other things, the allegations in the Petition here focus on the same purportedly false and misleading statements and/or omissions concerning Sprint's business and financial results, and for the identical time period, as alleged in the <u>Bennett</u> Action.

7. For the reasons explained below, the State Court Action is properly removable under 28 U.S.C. §§ 1331 and 1441 because the claims asserted therein arise under the laws of the United States.

### FEDERAL QUESTION JURISDICTION

8. The State Court action is removable under 28 U.S.C. §§ 1331 and 1441 because the claims asserted therein involve a strong federal interest, pose substantial federal questions under the federal securities laws and would not disrupt the sound division of labor between state and federal courts. See <u>Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg.</u>, 545 U.S. 308 (2005); <u>Nicodemus v. Union Pacific Corp.</u>, 440 F.3d 1227 (10th Cir. 2006). While Plaintiff styles his Petition as one for breach of fiduciary duty under state law, as set forth below by way of example, the focus and thrust of the Petition is alleged conduct that is governed by, and allegedly in contravention of, the federal securities laws. See <u>Gobble v. Hellman</u>, No. 1:02CV0076, 2002 U.S. Dist. LEXIS 34430286, at *3 (N.D. Ohio Mar. 26, 2002) ("It is clear from the face of its well pleaded complaint that several counts of Plaintiff's breach of fiduciary duty claims depend upon whether Defendants violated their duties under the Federal Exchange Act and SEC Rules and regulations. Therefore, the resolution of Plaintiff's claims requires a

3

construction and adjudication of substantial questions of federal law . . . .") Specifically, as described below, Plaintiff alleges that Defendants knowingly or recklessly made false or misleading statements of material fact to the injury of Plaintiff, which are elements of a purported violation of Section 10(b) of the Securities and Exchange Act of 1934 and SEC Rule 10b-5 thereunder. See generally Adams v. Kinder-Morgan, Inc., 340 F.3d 1083, 1095 (10th Cir. 2003).

9. Among other things, Plaintiff alleges that the "Defendants' misconduct has . . . caus[ed] the Company's stock price to fall more than 65% and has subjected it to potential liability for violation of state and federal laws." (Petit. ¶ 11).

10. Plaintiff also alleges that "[t]he defendants knew that the adverse facts specified herein had not been disclosed to and were being concealed from the public and that the positive representations being made were then materially false and misleading" (id. ¶ 32) and that "[t]he conduct of Sprint's directors and officers complained of herein involves . . . fraudulent misconduct – a knowing, intentional and culpable violation of their obligations as directors of Sprint." (Id. ¶ 33). And, Plaintiff alleges that "the officers and directors of Sprint were required, among other things, to . . . [m]anage, conduct, supervise and direct the business affairs of Sprint in accordance with law (including the U.S. securities laws and the Sarbanes-Oxley Act)." (Id. ¶ 35(a)). Finally, Plaintiff alleges that as a result of the actions of Defendants described in the Petition, Sprint "is now the subject of several class action lawsuits which allege violations of the federal securities laws." (Id. ¶ 36).

11. Plaintiff then incorporates sections of Sprint's public disclosures issued over the course of the Relevant Period. Plaintiff claims Defendants "knew but concealed" purportedly material, adverse facts in these disclosures (id. ¶ 54), "recklessly disregarded" many of the

4

wrongs forming the basis for Plaintiff's claims (id. ¶ 58(a)) and that at least some of the purportedly false and misleading disclosures were signed by some Defendants and filed with the SEC. (Id. ¶¶ 58 (a), (c)).

12. Each of the above allegations, among others, is incorporated by reference and realleged in each of the four causes of action contained in the Petition. Furthermore, in Plaintiff's first cause of action for breach of fiduciary duty, Plaintiff claims the Defendants failed "to maintain a system of internal controls adequate to ensure the Company's compliance with the securities laws." (Id. ¶ 62).

13. Accordingly, Plaintiff alleges conduct – the allegedly knowing or reckless false filings and other public statements – that is governed by the federal securities laws. Plaintiff's purported injuries also depend primarily upon allegations against Defendants for violations of the federal securities laws. Indeed, to the extent that Plaintiff alleges he suffered any damages due to the actions of any of the Defendants, those damages are governed by the contribution provisions of the Private Securities Litigation Reform Act, 15 U.S.C. § 78u-4(f)(8). Thus, this case involves a strong federal interest and will require the interpretation of federal law.

## THE REMOVAL PREREQUISITES HAVE BEEN SATISFIED

14. Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is being filed within thirty days after the receipt by the first defendant, through service or otherwise, of a copy of the initial pleading, and it is, therefore, timely. See Murphy Bros. v. Michetti Pipe Stringing, Inc., 526 U.S. 344 (1999).

15. True and correct copies of all process, pleadings and orders served upon Sprint in the State Court Action are attached hereto as Exhibit A.

16. All other defendants consent to removal. See <u>Akin v. Ashland Chemical Co.</u>, 156 F.3d 1030 (10th Cir. 1998). These consents are attached hereto as Exhibit C.

17. The District of Kansas at Kansas City is the district in which the District Court of Johnson County, Kansas is located and in which plaintiff filed his Petition and the action is pending. See <u>Fresquez v. Farnsworth & Chambers Company</u>, 238 F.2d 709 (10th Cir. 1956).

18. In accordance with 28 U.S.C. § 1446(d), promptly after filing this Notice of Removal, Sprint will give written notice to all adverse parties and will file a copy of this Notice of Removal with the District Court of Johnson County, Kansas.

19. No previous application has been made by Defendants for this or similar relief.

WHEREFORE, Defendants submit that this action is now properly removed from the District Court of Johnson County, Kansas and is properly before this District Court and that all further actions should take place before this Court.

### DESIGNATION OF PLACE OF TRIAL

Defendant Sprint Nextel Corporation designates Kansas City, Kansas as the place of trial.

Dated: May 7, 2009

Respectfully submitted,

ROUSE HENDRICKS GERMAN MAY PC

*(signature)*

Randall E. Hendricks   KS #16959
Mark W. McGrory   KS #12316
Rouse Hendricks German May PC
1010 Walnut, Suite 400
Kansas City, MO 64106
Tel: 816.471.7700
Fax: 816.471.2221
RandyH@rhgm.com
MarkM@rhgm.com

Of counsel:

Jay B. Kasner   NY #1713353
Scott D. Musoff   NY #2701555
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
Tel: 212-735-3000
Fax: 212-735-2000
Jay.Kasner@skadden.com
Scott.Musoff@skadden.com

*Attorneys for Defendants
Sprint Nextel Corporation, Gary D. Forsee,
Paul N. Saleh, and William G. Arendt*

**CERTIFICATE OF SERVICE**

I hereby certify that, on this 7th day of May, 2009, a copy of the foregoing document was served via electronic mail upon:

Michelle B. O'Neal
The Hershewe Law Firm PC
431 South Virginia Avenue
Joplin, MO 64801
**moneal@h-law.com**

Alfred G. Yates, Jr.
Gerald L. Rutledge
Law Offices of Alfred G. Yates Jr., PC
519 Allegheny Building
429 Forbes Avenue
Pittsburg, PA 15219
**yateslaw@aol.com**

*Attorneys for Plaintiff Arthur L. Murphy, Jr.*

_____
Attorney for Defendant Sprint Nextel Corp.