# EXHIBIT A

IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS

| | |
|---|---|
| ARTHUR I. MURPHY, JR., IRA, Derivatively on Behalf of SPRINT NEXTEL CORPORATION,<br><br>               Plaintiff,<br><br>vs.<br><br>GARY D. FORSEE, PAUL N. SALEH, WILLIAM G. ARENDT, ROBERT R. BENNETT, JAMES H. HANCE, JR., IRVINE O. HOCKADAY, JR., GORDON M. BETHUNE, LARRY C. GLASSCOCK, DANIEL R. HESSE, V. JANET HILL, RODNEY O'NEAL, KEITH J. BANE, LINDA K. LORIMER, WILLIAM E. KENNARD and WILLIAM H. SWANSON,<br><br>               Defendants,<br><br>   – and –<br><br>SPRINT NEXTEL CORPORATION, a Kansas corporation,<br><br>               Nominal Defendant. | Civil Action No.  *09CV 3132*<br><br>VERIFIED SHAREHOLDER DERIVATIVE PETITION FOR BREACH OF FIDUCIARY DUTY, ABUSE OF CONTROL, CORPORATE WASTE AND GROSS MISMANAGEMENT  *Div 3*<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>__DEMAND FOR JURY TRIAL__ |

CLERK OF DISTRICT COURT
JOHNSON COUNTY, KS

2009 APR -8  AM II: 51

## INTRODUCTION

1.     This is a shareholder derivative action on behalf of Sprint Nextel Corporation ("Sprint" or the "Company") against certain of it officers and directors (the "Individual Defendants") for violations of state law, including breaches of fiduciary duties, abuse of control and gross mismanagement, which have caused substantial financial losses to Sprint and damages to the Company's reputation and goodwill.

2.     Sprint is a global communication company offering a range of wireless and wireline communications products and services for individual consumers, businesses and government customers. As of year-end 2007, it had 53.8 million subscribers, the third-largest wireless carrier by subscribers.

3.     Between October 26, 2006 and February 27, 2008 (the "Relevant Period"), defendants issued or caused Sprint to make materially false and misleading statements concerning the Company's business operations and financial condition and to file materially false and misleading financial statements with the Securities and Exchange Commission (the "SEC").

4.     Through out the Relevant Period, defendants represented that Sprint had resolved numerous problems arising from its August 12, 2005 merger with Nextel Communications ("Nextel"). Since the merger, Sprint had suffered technical, financial, and operational issues. On August 3, 2006, a year into the merger, the Company announced a 38% drop in revenue and reduction in revenue guidance. The Company's stock price fell more than 11% in one day. Sprint fired its Chief Operating Officer a few weeks later.

5.     In August 2006, the Company announced it was initiating a turnaround strategy. The cornerstone of this strategy was to reduce customer "churn" rate, or ability to retain customers, by tightening credit polices. Churn is measured by the percentage of existing customers which leave

- 1 -

each month, by either voluntarily switching to another carrier or having their contract terminated for lack of payment or other reasons.

6. During the Relevant Period, defendants repeatedly assured the shareholders that the Company was poised for a turnaround and was focused on improving its core operations. It further assured the shareholders that the initiatives that the Company enacted in mid-2006 were beginning to work. As late as the summer of 2007, defendants continued to play down and conceal Sprint's problems with its network and with its customer service issues and subscriber base.

7. Beginning in early Fall 2007, defendants finally began to acknowledge that Sprint's initiatives were not working and that the Company was experiencing a serious deterioration in its subscriber base, due both to a slow down in new growth and a massive defection of its current subscribers to its competitors.

8. On January 18, 2008, Fitch Ratings ("Fitch") lowered Sprint's credit ratings on its long-term debt to junk status and its ratings on its short-term debt to what is considered "fair" credit quality from "good" credit quality. Fitch further placed Sprint on rating watch negative, meaning it could be lowered even further. Likewise, on January 22, 2008, Standard & Poor's Ratings Services ("S&P") lowered Sprint's corporate debt rating to one level above non-investment grade status or "junk" status.

9. On February 28, 2008, before the market opened, the Company reported its fourth quarter and full year 2007 financial results, in a release which stated in part, "In the quarter, the company recorded a non-cash goodwill impairment charge of $29.7 billion. The net loss for the quarter was $29.5 billion or $10.36 diluted loss per share compared to net income of $261 million or 9 cents diluted earnings per share in the fourth quarter a year ago."

10. In reaction to the Company's announcement, Sprint's stock collapsed $0.86 per share to close at $8.09 per share, instantly wiping out hundreds of millions in shareholder equity. After

Fitch lowered Sprint's credit ratings on both its long-term and short-term debt, it further announced that it was keeping Sprint on rating watch negative. The next day S&P placed Sprint's rating on a watch list for another possible downgrade, stating: "[t]he erosion in Sprint Nextel's subscriber base and the resultant decline in EBITDA are substantially higher than we anticipated and the company's business profile is probably no longer supportive of an investment-grade rating."

11.     Defendants' misconduct has destroyed this once valuable franchise, causing the Company's stock price to fall more than 65% and has subjected it to potential liability for violation of state and federal laws.

## JURISDICTION AND VENUE

12.     Sprint Nextel Corporation is incorporated in Kansas. Its principal executive offices are located at 6200 Sprint Parkway, Overland Park, Kansas. This Court has jurisdiction over defendants because they conduct business in Overland Park, Kansas. This action is not removable.

13.     Venue is proper in this Court because one or more of the defendants either resides in or maintains executive offices in this County, a substantial portion of the transactions and wrongs complained of herein, including the defendants primary participation in the wrongful acts detailed herein and aiding and abetting and conspiracy in violation of fiduciary duties owed to Sprint occurred in this County, and defendants have received substantial compensation in this County by doing business here and engaging in numerous activities which had an effect in this County.

## PARTIES

14.     Plaintiff Arthur I. Murphy, Jr., IRA is and has continuously owned Sprint common stock since February 16, 2001.

15.     Nominal defendant Sprint offers a range of wireless and wireline communications services to consumers, businesses, and government users in the United States and internationally.

16.     Defendant Gary D. Forsee ("Forsee") served as President and Chief Executive Officer ("CEO") and a director of Sprint from March 2003 until his termination on January 1, 2008. Additionally, Forsee served as Chairman of the Board from December 2006 through October 2007.

17.     Defendant Paul N. Saleh ("Saleh") served as Chief Financial Officer ("CFO") of Sprint from the time of the merger in August 2005 until his resignation on January 25, 2008. Previously, Saleh served as CFO of Nextel from 2001 until August 2005. Saleh assumed the role of Acting CEO of Sprint upon Forsee's resignation until December 17, 2007.

18.     Defendant William G. Arendt ("Arendt") served as Senior Vice President and Controller of Sprint from the time of the merger in August 2005 until October 2008. Arendt assumed the role of Acting CFO of Sprint upon Saleh's resignation until May 2008.

19.     Defendant Robert R. Bennett ("Bennett") is a director of Sprint and has been since October 2006. Bennett was a member of the Audit Committee during the Relevant Period.

20.     Defendant James H. Hance, Jr. ("Hance") is a director of Sprint and has been since February 2005. Hance was a member of the Audit and Finance Committees during the Relevant Period.

21.     Defendant Irvine O. Hockaday, Jr. ("Hockaday") is a director of Sprint and has been since June 1997. Hockaday was a member of the Finance Committee during the Relevant Period.

22.     Defendant Gordon M. Bethune ("Bethune") is director of Sprint and has been since March 2004.

23.     Defendant Larry C. Glasscock ("Glasscock") is a director of Sprint and has been since August 2007.

24.     Defendant Daniel R. Hesse ("Hesse") is a director of Sprint and has been since December 2007.

- 4 -

25.     Defendant V. Janet Hill ("Hill") is director of Sprint and has been since the Company merged with Nextel in August 2005.

26.     Defendant Rodney O'Neal ("O'Neal") is a director of Sprint and has been since August 2007.

27.     Defendant Keith J. Bane ("Bane") was a director of Sprint from August 2005 until May 2008. Bane was a member of the Audit and Finance Committees during the Relevant Period.

28.     Defendant Linda K. Lorimer ("Lorimer") was a director of Sprint from March 1993 to May 2008. Lorimer was a member of the Audit Committee during the Relevant Period.

29.     Defendant William E. Kennard ("Kennard") was a director of Sprint from August 2005 until March 1, 2007.

30.     Defendant William H. Swanson ("Swanson") was a director of Sprint from 2004 to May 2008. Swanson was a member of the Finance Committee during the Relevant Period.

31.     Defendants named in ¶¶16-31 are referred to herein as the "Individual Defendants."

32.     Defendants, because of their positions with the Company and access to internal corporate documents conversations and connections with other corporate officers and employees and attendance at Sprint's Board of Directors' meetings and committees thereof, possessed adverse material non-public information about the business of Sprint, as well as the adverse facts specifically alleged herein to be misleading. The defendants knew that the adverse facts specified herein had not been disclosed to and were being concealed from the public and that the positive representations being made were then materially false and misleading.

### DEFENDANTS' FIDUCIARY DUTIES

33.     Each officer and director of Sprint owed Sprint or its shareholders the duty to exercise a high degree of diligence, good faith and loyalty in the management and administration of the affairs of the Company, as well as in the use and preservation of its property and assets. The conduct

of Sprint's directors and officers complained of herein involves oppression and fraudulent misconduct – a knowing, intentional and culpable violation of their obligations as directors of Sprint and the absence of good faith on their part for their duties to the Company and its shareholders. The misconduct of Sprint's officers has been ratified by Sprint's Board, which has failed to take any legal action on behalf of the Company against them.

34. By reason of their positions as officers, directors and/or fiduciaries of Sprint and because of their ability to control the business and corporate affairs of Sprint, defendants owed Sprint and its shareholders fiduciary obligations of candor, trust, loyalty and care, and were required to use their ability to control and manage Sprint in a fair, just, honest and equitable manner, and to act in furtherance of the best interests of Sprint and its shareholders so as to benefit all shareholders equally and not in furtherance of their personal interests or benefit. In addition, as officers and/or directors of a publicly held company, defendants had a duty to promptly disseminate accurate and truthful information with respect to the Company's operations, projections and forecasts so as to fulfill their duty of candor and honesty to the existing shareholders of Sprint and so that the market price of Sprint's stock would be based on truthful and accurate information.

35. To discharge their duties, the directors of Sprint were required to exercise reasonable and prudent supervision over the management, policies, practices and controls of the business and financial affairs of Sprint. By virtue of such duties, the officers and directors of Sprint were required, among other things, to:

(a) Manage, conduct, supervise and direct the business affairs of Sprint in accordance with law (including the U.S. securities laws and the Sarbanes-Oxley Act), government rules and regulations and the charter and bylaws of Sprint;

(b) Neither violate nor knowingly permit any officer, director or employee of Sprint to violate applicable laws, rules and regulations;

- 6 -

(c)     Exercise reasonable control and supervision over public statements to the securities markets and trading in Sprint stock by the officers and employees of Sprint; and

(d)     Supervise the preparation and filing of any financial reports or other information required by law from Sprint and to examine and evaluate any reports of examinations, audits or other financial information concerning the financial affairs of Sprint and to make full and accurate disclosure of all material facts concerning, *inter alia*, each of the subjects and duties set forth above.

36.     Defendants breached their duties of loyalty and good faith by allowing or by themselves causing the Company to misrepresent it financial results and prospects, as detailed herein, and by failing to prevent defendants from taking such illegal actions. Each of defendants participated in the issuance and/or review of false and/or misleading statements, including the preparation of false and/or misleading press releases, SEC filings and reports to Sprint shareholders. In addition, as a result of defendants' illegal action and course of conduct during the Relevant Period, the Company is now the subject of several class action lawsuits which allege violations of the federal securities laws. As a result, Sprint has expended and will continue to expend significant sums of money. Moreover, these actions have irreparably damaged Sprint's corporate image and goodwill.

## SUBSTANTIVE ALLEGATIONS

37.     On October 26, 2006, defendants caused the Company to report its third quarter 2006 financial results, in a release which stated in part:

Sprint Nextel Corp. today reported third quarter 2006 financial results. In the quarter, the company improved profitability and launched several initiatives to enhance operating performance.

*     *     *

Total wireless net subscriber additions were 233,000 for the quarter due to growth in CDMA post-paid subscribers, a gain in Boost pre-paid service subscribers and renewed growth in wholesale subscribers, offset by a decline in iDEN post-paid

- 7 -

subscribers. At the end of the quarter, Sprint Nextel's total base was 51.9 million subscribers.

*      *      *

In August, the company initiated its common stock buy-back program which is expected to total up to $6 billion over an 18-month period. In the third quarter, the company acquired 91 million common shares at an aggregate cost of approximately $1.5 billion. The company will vary the amount and timing of its common stock purchases from time to time as the program proceeds.

"In the third quarter, our margins benefited from merger synergies and the scale provided by acquisitions," said Sprint Nextel President and Chief Executive Officer Gary Forsee. "Our profitability in the quarter is encouraging and demonstrates the potential of an asset mix that now is predominantly wireless. In the third quarter we took some actions to improve the quality of the customers coming into our business, and this is constraining our near-term growth. At the same time, we have taken a number of actions we believe will improve our top-line growth performance over time."

38.    Following the release of the Company's third quarter earnings, Sprint's shares increased in one day from $17.72 to $18.90 per share on volume of 71 million shares.

39.    On November 16, 2006, defendants caused Sprint to issue a press release entitled "Sprint Nextel Announces Senior Notes Offering," which stated in part:

Sprint Nextel today announced that it has priced a $2.0 billion underwritten public offering of 6.00 percent senior notes due 2016. The notes will be issued under an indenture between Sprint Nextel Corp. and The Bank of New York Trust Company, N.A., as trustee. The terms of the notes include those stated in the indenture and those made part of the indenture by reference to the Trust Indenture Act of 1939.

40.    On December 12, 2006, defendants caused Sprint to issue a press release naming CEO and President Forsee as the new Chairman of the Company, in a release which stated in part:

Sprint Nextel Corp.'s Board of Directors today named President and Chief Executive Officer Gary D. Forsee to serve as the company's Chairman. Forsee replaces Tim Donahue, who retires as Executive Chairman at the end of this month.

"As Sprint Nextel moves forward, we are pleased that Gary Forsee will now lead the board," said Irvine O. Hockaday, chairman of the Nominating and Corporate Governance Committee, and lead independent director. "Sprint Nextel has the assets, brands and strategic direction in place, and we are confident under Gary's leadership that the company's goals will be realized."

- 8 -

"On behalf of the entire board and all the employees we want to thank Tim Donahue for his invaluable and inspiring leadership, and we wish him well in his retirement," said Hockaday.

41.     On January 8, 2007, defendants caused Sprint to issue a press release entitled "Sprint Nextel Provides Update on Financial Outlook and Operating Performance," which stated:

> Based on preliminary data, Sprint Nextel expects to report full-year 2006 consolidated operating revenues of approximately $41.0 billion, while Adjusted Operating Income Before Depreciation and Amortization (adjusted OIBDA) continues to be projected in a range of $12.6 billion to $12.9 billion. Total capital expenditures are estimated to be $7.0 billion to $7.3 billion.
>
> During the fourth quarter, Sprint Nextel added 742,000 total net subscribers and ended the period with a base of 53.1 million. The fourth quarter net additions include 876,000 from wholesale and affiliates, and 171,000 new Boost customers, which were offset by a decline of 306,000 post-paid subscribers. Post-paid performance in the quarter reflects solid gains in CDMA subscribers, offset by a decline in the iDEN base.
>
> In the quarter, total post-paid gross additions were approximately 2.64 million. As expected, credit tightening actions initiated in the second half of the year impacted fourth-quarter customer growth. These actions improved the credit mix of acquisitions in the quarter. Fourth quarter post-paid churn modestly improved sequentially to 2.3 percent, and Boost Mobile churn improved to 6.5 percent. For the quarter, Sprint Nextel expects to report average revenues per customer above competitor levels, driven by steady voice usage and growth of wireless data on CDMA. The company also expects to report strong Wireline IP results.
>
> "Sprint Nextel ended 2006 in a solid financial position," said Gary D. Forsee, the company's chairman and chief executive officer. "We expect our full-year projected financial results will be in line with our prior guidance, and *we remain on or ahead of plan in integrating our pre-merger operations, systems and product and service line up*."

42.     On February 28, 2007, defendants caused Sprint to report its fourth quarter and full year 2006 financial results, in a release which stated in part:

> Sprint Nextel Corp. today reported fourth quarter and full-year 2006 financial results. In the quarter, the company enhanced its product portfolio, aggressively expanded network coverage and capabilities, reported continued strong growth in wireless data and wireline IP revenue, and significantly increased investment in business operations to enhance future growth and profitability. The company also made significant strides on its planned fourth generation mobile broadband network.
>
> For the quarter, diluted earnings per share (EPS) from continuing operations were 9 cents, compared to break-even in the fourth quarter of 2005. Adjusted EPS

- 9 -

before Amortization was 29 cents in the most recent quarter, compared to 23 cents in the fourth quarter of 2005, an increase of 26%. The growth in earnings is due to higher contributions in both the Wireless and Long Distance segments.

For the full year, EPS from continuing operations was 34 cents compared to 40 cents for 2005. Full-year 2006 Adjusted EPS before Amortization was $1.18, compared to pro forma Adjusted EPS before Amortization of $1.05 for the full year 2005, a 12% increase.

Consolidated net operating revenues in the fourth quarter of 2006 were $10.4 billion, an increase of 7% compared to $9.8 billion in the fourth quarter of 2005. For the full year, total consolidated revenue of $41.0 billion increased 43% on a reported basis and 7% compared to pro forma 2005.

Consolidated adjusted OIBDA in the most recent quarter was $3.2 billion, an increase of 13% compared to the year-ago period. Full-year consolidated adjusted OIBDA was $12.7 billion, an increase of 12% compared to pro forma 2005 full year adjusted OIBDA of $11.3 billion. Consolidated adjusted OIBDA margin was 32.9% in the fourth quarter of 2006 versus 31.2% in the year-ago period and 33.6% for the full year, compared to 32.2% for pro forma 2005.

"In the fourth quarter, we increased funding of business operations and network investments. We are seeing early returns from these investments as we widen our lead in wireless data services on the CDMA platform and with the iDEN network now delivering substantially improved call quality metrics," said Gary Forsee, Sprint Nextel Chairman and CEO. "The introduction of our PowerSource™ phones to bridge the two networks brings customers the industry's best push-to-talk, voice and data services."

43.     On May 2, 2007, defendants caused Sprint to issue its financial results for the first quarter of 2007, in a release which stated in part:

Sprint Nextel Corp. today reported first quarter 2007 financial results. *In the quarter, the company added nearly 600,000 net new subscribers, expanded network coverage and capabilities and significantly increased investments in business operations.* The company reported strong demand for wireless data services and wireline IP services and achieved a fast start for its PowerSource™ handset offering that combines the best push-to-talk, voice and data capabilities on one device. The company also substantially completed a major headcount reduction, continued to build momentum on its planned fourth generation wireless data offering and launched a market trial for a Boost Mobile unlimited local calling plan.

In the first quarter of 2007, diluted earnings per share (EPS) from continuing operations were a loss of 7 cents, compared to income of 5 cents in the first quarter of 2006. Adjusted EPS before Amortization was 18 cents compared to 26 cents in the year-ago period. The lower earnings in the quarter are due to reduced contributions from operations and lower non-operating income, partially offset by fewer common shares outstanding.

- 10 -

Consolidated net operating revenues of $10.1 billion in the first quarter were modestly above revenues in the year-ago period. Reflecting increased operating expenses, consolidated adjusted OIBDA of $2.6 billion declined 12% from the first quarter of 2006. First quarter capital expenditures were $1.6 billion and free cash flow was approximately $500 million.

"Our plans in 2007 call for a substantial increase in the funding of business operations to build long term growth and profitability," said Gary Forsee, Sprint Nextel chairman and CEO. "We established a quick ramp on these investments in the first quarter to accelerate our progress. These increased commitments, along with notably higher device subsidies to drive acquisition and retention, impacted our profitability in the quarter. However, we are seeing some positive tradeoffs in the form of enhanced competitiveness. . . .

"In the quarter, we had solid performance in our CDMA post-paid business, including sequential growth in both gross and net additions and improved customer churn," said Forsee. "We also achieved a stronger Boost Mobile customer gain, continued growth in MVNO channels and good velocity with PowerSource sales. Together, these four lines of business generated 1.3 million net additions during the first quarter. However, these gains were partially offset by a decline in the iDEN post-paid subscriber base reflecting prior network constraints, which have since been largely mitigated.

"Overall post-paid subscriber retention rates again trended slightly positive in the quarter, and reported net add performance was ahead of expectations. In the quarter, 44% year-over-year growth in wireless data services continued to partially offset voice revenue declines. In the Wireline segment, we reported 28% growth in IP services year-over-year, and increased the number of cable telephony customers we serve by more than 200,000 during the quarter. Over the course of the year, we expect to achieve improving profitability in consolidated results, consistent with our previously announced annual guidance," Forsee said.

44.     On August 8, 2007, defendants caused Sprint to issue its financial results for the second quarter of 2007, in a release which stated in part:

Sprint Nextel Corp. today reported second quarter 2007 financial results. In the quarter, the company reported a strong sequential improvement in post-paid net additions and profitability. The company experienced continued strong demand for wireless data services and wireline IP services and growth of the base of PowerSource™ subscribers. Sprint Nextel also continues to build momentum around its planned WiMAX offering and to achieve key milestones in the development of high-performance push-to-talk services to be delivered on its CDMA network.

*          *          *

"A year ago, and again in January of this year, we highlighted areas for improvement in our core operations and outlined investments we would be making to address these areas. These investments are focused on improving iDEN network

- 11 -

performance, increasing customer retention, enhancing our brand image and reinvigorating our third-party channels," said Gary Forsee, Sprint Nextel chairman and CEO. "In the second quarter, Sprint began to realize benefits from our increased funding of business operations. We reported a double-digit gain in subscriber acquisitions in our business channels. We met our goal of reducing churn to 2.0%, and network performance continued to improve. Industry-leading average post-paid customer revenues of $60 in the quarter and staffing actions in the first quarter supported a strong sequential improvement in adjusted OIBDA.

"Overall we are pleased with the second quarter progress under highly competitive market conditions, and we are reiterating our 2007 targets for revenues, adjusted OIBDA and capital spending," Forsee said. "Our focus remains on closing churn and customer care gaps, building on our recently-launched Sprint Ahead marketing campaign, and extending the EVDO footprint to meet strong demand for wireless data services. We will also continue to have significant resources assigned to the consolidation of many of our major systems, migrating customers from iDEN to CDMA utilizing PowerSource devices, preparing for the deployment of high-performance push-to-talk on our CDMA network, and cementing our plans for WiMAX deployment. While these initiatives are expected to impact reported results in the near term, we expect they will produce significant value over the long term."

\*       \*       \*

45.     On October 8, 2007, defendants caused Sprint to issue a press release announcing that Forsee was stepping down as Chairman and CEO of the Company, which stated in part:

Sprint Nextel announced today that Gary Forsee is stepping down as the company's chairman, president and chief executive officer (CEO), effective immediately. A committee of the Sprint Nextel Board of Directors has been formed and is conducting the search for a new CEO.

James Hance, Jr., a member of the Board of Directors, will assume the role of acting non-executive chairman of the Board. Paul Saleh, current chief financial officer of Sprint Nextel, will serve as acting CEO until a permanent replacement for Forsee is named. With Hance serving in the position of non-executive chairman, the position of lead independent director, held by Irvine Hockaday, will be combined with that role. Hockaday will remain a member of the Board.

\*       \*       \*

According to Hockaday, the decision to seek a new CEO was based on the Board's belief that it is the right time to put in place new leadership to move the company forward in improving its performance and realizing corporate objectives.

\*       \*       \*

Updated Operational Metrics and Financial Guidance

- 12 -

The company announced today that it expects to report a net loss of approximately 337,000 post-paid subscribers in the third quarter. In addition, both adjusted OIBDA and consolidated operating revenue for 2007 are expected to be slightly below the range of previously provided guidance of $11.0 to $11.5 billion of adjusted OIBDA and $41 to $42 billion of consolidated operating revenue.

46.    On November 1, 2007, defendants caused Sprint to report its financial results for the third quarter of 2007, in a release which stated in part:

> Sprint Nextel Corp. today reported third quarter 2007 financial results. Consolidated net operating revenues in the quarter were $10 billion compared to $10.5 billion in the year-ago third quarter. Net income in the quarter was $64 million or 2 cents diluted earnings per share, which compares to $279 million or 9 cents diluted earnings per share (EPS) in the year-ago period. Adjusted EPS before Amortization, which removes the effects of special items and merger-related amortization costs, was 23 cents in the quarter compared to 32 cents in this quarter of 2006. The decline in earnings is due to a lower contribution from Wireless, partially offset by an improved contribution from Wireline.
>
> The company reported a net decline of 60,000 total wireless subscribers in the third quarter. Overall subscriber results include growth from CDMA post-paid, Boost Unlimited, wholesale and affiliate channels. These gains were offset by declines from iDEN post-paid and traditional Boost pre-paid product lines. In the quarter, post-paid churn was 2.3% on seasonally higher involuntary deactivations and competitive market conditions. The Wireless post-paid ARPU of a little more than $59 in the quarter continues to be supported by data growth, offset by lower voice contributions.
>
> "Our third quarter results reflect mixed performance as we address competitive market conditions and manage through credit market impacts on a portion of our customer base," said Paul Saleh, acting CEO and chief financial officer of Sprint Nextel. "In the quarter, our Sprint Ahead marketing campaign gained traction, we improved our device portfolio, and we continued to achieve best-ever network performance. Going forward, our clear mandate is to improve the customer experience at every touchpoint and simplify our business. We also plan to focus more resources on customer retention," Saleh said.

47.    On December 18, 2007, Sprint announced Daniel R. Hesse was named the Company's new President and CEO, replacing Forsee, who stepped down from Sprint on October 8, 2007.

48.    On January 18, 2008, defendants caused Sprint to issue a press release entitled "Sprint Nextel Reports Fourth-Quarter Subscriber Results, Announces Actions to Streamline Operations," which stated in part:

- 13 -

Sprint Nextel Corp. today reported wireless subscriber results for the fourth quarter of 2007, announced initial plans to streamline its business as part of an ongoing review of its operations and market approach, and provided an update on its annual assessment of the goodwill recorded on its financial statements.

For the fourth quarter Sprint Nextel reported a net gain of 500,000 subscribers through wholesale channels, growth of 256,000 Boost Unlimited users and net additions of 20,000 subscribers within affiliate channels. These gains were offset by net losses of 683,000 post-paid subscribers and 202,000 traditional pre-paid users.

In the fourth quarter, post-paid churn was 2.3 percent. Compared to the third quarter, improved voluntary churn in both the CDMA and iDEN customer bases was offset by higher involuntary churn. At the end of 2007, Sprint Nextel served a total subscriber base of 53.8 million subscribers including 40.8 million post-paid, 4.1 million traditional pre-paid, 500,000 Boost Unlimited, 7.7 million wholesale and 850,000 subscribers through affiliates.

Anticipating continued downward pressure on subscriber trends, revenues, and profitability in 2008, Sprint Nextel also announced initial plans to streamline the business in coming months. These plans call for job reductions across the company including approximately 4,000 internal positions and reduced utilization of outsourced services and contractors. The company also expects to eliminate more than 4,000 third-party distribution points and to close approximately 125, or 8 percent, of its company-owned retail locations. The company has approximately 20,000 total distribution points, including nearly 1,400 company-owned retail locations.

Sprint Nextel currently expects these actions to reduce its internal and external labor costs by an annualized rate of $700-$800 million by the end of 2008. The employee headcount reductions are expected to be completed in the first half of the year and will include management and non-management positions throughout the company. The company will offer a voluntary separation plan for its employees, and displaced employees will receive separation pay and outplacement and other services. The company expects to record a first-quarter charge for severance costs associated with the workforce reduction.

Sprint Nextel is currently performing its annual assessment of the goodwill recorded on its financial statements and expects to conclude this process prior to the release of its fourth-quarter earnings report. Given current market conditions, particularly the recent decrease in the company's stock price, Sprint Nextel could determine that it will record a non-cash impairment charge related to goodwill in the fourth quarter 2007. Any such charge would have no affect on either the company's current cash balance or future cash flows.

49.    In response, Sprint's stock fell $2.87 per share to close at $8.70 per share, wiping out $8.2 billion in shareholder equity.

- 14 -

50.     On January 18, 2008, Fitch slashed Sprint's credit ratings on its long-term debt to junk status, and placed Sprint on rating watch negative.  Then, on January 22, 2008, S&P lowered Sprint's corporate debt rating to "junk" status.

51.     On February 28, 2008, the Company reported its fourth quarter and full year 2007 financial results, in a release which stated in part:

> Sprint Nextel Corp. today reported fourth quarter and full-year 2007 financial results. Consolidated net operating revenues in the quarter were $9.8 billion, compared to $10.4 billion in the fourth quarter of 2006. Full-year 2007 revenues were $40.1 billion versus $41.0 billion in 2006. In the quarter, the company recorded a non-cash goodwill impairment charge of $29.7 billion. The net loss for the quarter was $29.5 billion or $10.36 diluted loss per share compared to net income of $261 million or 9 cents diluted earnings per share in the fourth quarter a year ago.
>
> After adjusting for the goodwill impairment charge, as well as the effects of other special items and merger-related amortization costs, Adjusted EPS before Amortization was 21 cents in the fourth quarter of 2007, compared to 29 cents in the fourth quarter of 2006. The decline in earnings is due to a reduced contribution from Wireless, partially offset by an improved contribution from Wireline, an investment gain and an income tax benefit in the fourth quarter of 2007.
>
> As previously reported, wireless subscribers declined 108,000 in the fourth quarter, due to gains in wholesale and Boost Unlimited subscribers offset by decreases in iDEN post-paid and traditional Boost pre-paid users. For the quarter, post-paid churn was 2.3%, matching the third quarter of 2007 and the fourth quarter of 2006. Wireless post-paid ARPU in the quarter was a little more than $58, a 1% sequential decline and a 4% decrease compared to the fourth quarter of 2006. ARPU continues to be pressured by lower voice contributions, partially offset by growth in data services.
>
> "The fourth quarter financial results reflect the challenges facing our Wireless business," said Dan Hesse, Sprint Nextel CEO. "We are making significant changes across the organization in an effort to improve execution, stabilize our customer base and deliver on the opportunity provided by our assets. Given current deteriorating business conditions, which are more difficult than what I had expected to encounter, these changes will take time to produce improved operating performance, and our near-term subscriber and financial results will continue to be pressured. Additionally, in light of current capital market conditions, we are taking steps to increase our financial flexibility and mitigate refinancing risk by borrowing funds from a revolving credit facility and discontinuing declaring a dividend for the foreseeable future."

*     *     *

- 15 -

52.     On this news, Sprint's stock price collapsed $0.86 per share to close at $8.09 per share, instantly wiping out $2.4 billion in shareholder equity.

53.     In the wake of these disclosures, S&P placed Sprint's rating on a watch list for another possible downgrade, stating: "[t]he erosion in Sprint Nextel's subscriber base and the resultant decline in EBITDA are substantially higher than we anticipated and the company's business profile is probably no longer supportive of an investment-grade rating."

54.     In fact, during the Relevant Period, defendants knew but concealed from shareholders the following adverse material non-public facts:

(a)     Sprint's CDMA business was not healthy.  Instead, Sprint had not actually tightened its credit standards for its CDMA business in October 2006, but rather did the exact opposite and loosened its standards for new subscribers in late 2006 and early 2007 in certain of its markets.  This loosening led to an increase in subprime subscribers which allowed defendants to post gains in net additions for Sprint's CDMA business in early 2007 and made it appear as if its average revenue per user ("ARPU") was stabilizing.  Nonetheless, these moves were only short-term gains at the expense of long-term growth and churn rate reduction.

(b)     Sprint would be unable to complete its migration of its entire customer base to a uniform billing platform by 2007 from the multiple legacy platforms, thus continuing to cause customer service problems and having a negative effect on the Company's voluntary churn rate.  As of year-end 2007, 30% of Sprint's postpaid subscribers would still need to be moved over to the new platform in 2008.

(c)     Sprint had not taken the proper steps to address Sprint's customer service issues.  For example, the Company did not focus on first call resolution despite defendants' assurances otherwise, as it had not changed its policy regarding time limits on customer service calls.  At the end of 2007, Sprint's rate of resolving customer problems on the first call stood at 53%.  By

- 16 -

comparison, T-Mobile, one of Sprint's competitors, had a rate of 71%, despite the fact that Sprint had three times as many care specialists. Accordingly, customer service remained a disaster and the Company's major problem in maintaining its subscriber base, and, as a result, voluntary churn, would remain under pressure.

      (d)    Sprint failed to disclose known trends and uncertainties as required by SEC regulations concerning the loosening of Sprint's credit standards for its CDMA network and defendants' failure to take the proper steps to address customer service issues, which would have a negative effect on the Company's operations in the future.

      (e)    Sprint was not adequately reserving for the Company's impaired goodwill associated with Nextel in violation of GAAP, causing its financial results to be materially misstated.

      (f)    Sprint was not adequately reserving for Sprint's allowance for bad debts related to subprime subscribers in violation of GAAP, causing its financial results to be materially misstated.

      (g)    Sprint had far greater exposure to liquidity concerns and ratings downgrades than had been previously disclosed.

      (h)    Sprint was failing to integrate the CDMA network and the iDEN network. By 2008, two and a half years after the merger, the Company had consolidated fewer than 10% of the cell sites needed to run both networks.

      (i)    Given the increased volatility in the subprime market, the intense competition in the wireless industry and the problems facing Sprint due to its failure to integrate legacy Sprint and legacy Nextel operations, defendants had no reasonable basis to make projections about Sprint's ability to maintain and grow its subscriber base, its ability to decrease and then maintain its churn rate to a level of 2% by year-end 2007, its ability to recognize $14.5 billion in merger synergies and its ability to deliver two to three million hybrid dual-mode phones into the market by year-end 2007.

- 17 -

## DERIVATIVE AND DEMAND FUTILITY ALLEGATIONS

55.     Plaintiff brings this action, in good faith, derivatively in the right and for the benefit of Sprint to redress damage suffered and to be suffered by Sprint as a direct result of defendants' breaches of fiduciary duty, gross mismanagement, abuse of control and waste of corporate assets, as well as the aiding and abetting thereof.  Sprint is named as a nominal defendant solely in a derivative capacity.  This is not a collusive action to confer jurisdiction in this Court which it would not otherwise have.

56.     Plaintiff will adequately and fairly represent the interests of Sprint and its shareholders in enforcing and prosecuting their rights.  Prosecution of this action, independent of the current Board of Directors, is in the best interests of the Company.

57.     Plaintiff is and has been an owner of Sprint stock from February 16, 2001.

58.     The Board of Directors of Sprint includes defendants Bennett, Bethune, Glasscock, Hance, Hesse, Hill, Hockaday and O'Neal (the "Board Member Defendants"), Frank Ianna ("Ianna"), Sven-Christer Nilsson ("Nilsson") and William R. Nuti ("Nuti").  Plaintiff has not made a demand that the Sprint Board of Directors institute this action because such a demand would be a useless act, particularly for the following reasons:

(a)     The Board Member Defendants participated in or approved many of the acts and omissions or were on notice of and/or recklessly disregarded the wrongs which are complained of herein.  More particularly, each Board Member Defendant actively participated in approving, reviewing and/or disseminating Sprint's false financial statements.  Defendants Bennett, Hance, Hill, and Hockaday signed the March 1, 2007 Form 10-K that Sprint filed with the SEC and contained the Company's false and misleading financial results.  As such they are interested in the outcome of any inquiry or litigation concerning Sprint's false financial results, face a substantial likelihood of liability based on their participation in the approval, review and/or dissemination of Sprint's false

financial results to Sprint's shareholders, and lack independence due to their involvement in the wrongdoing detailed with particularity in the Petition and disabling business and social ties with the other defendants.

(b)     The Board Member Defendants receive payments, benefits, stock options and other emoluments by virtue of their membership on the Board of Directors and their control of Sprint. They have thus benefited from the wrongdoing herein alleged and have engaged in such conduct to preserve their positions of control and the perquisites thereof, and are incapable of exercising independent objective judgment in deciding whether to bring this action. The Board Member Defendants also have close personal and business ties with each other, and the other defendants are, consequently, interested parties and cannot in good faith exercise independent business judgment to determine whether to bring this action against themselves and one another.

(c)     Defendants Hance, Bane, Lorimer and Bennett were, during the Relevant Period, members of the Audit Committee. The Audit Committee is responsible for reviewing the integrity of Sprint's auditing, accounting, and reporting processes and consideration and approval of appropriate changes; reviewing Sprint's financial reports and other financial information provided to the public and filed with the SEC; and reviewing Sprint's internal controls regarding finance, accounting, legal compliance and ethics. According to Sprint's Proxy Statement filed on or about April 9, 2007, Hance and Bennett "possess the qualifications of an 'audit committee financial expert' as defined in SEC rules." Nonetheless, in violation of their duties, the Audit Committee recommended that the Board of Directors include the false and misleading financial results in Sprint's publicly filed financial statements. By such actions, defendants Hance and Bennett breached their duties by causing or allowing the improper financials to be included in Sprint's Form 10-K and 10-Q reports. As a result of these defendants' breach of their duties, any demand upon them was futile.

(d)     The acts complained of herein constitute violations of fiduciary duties owed by the Board of Directors and these acts are incapable of ratification.

(e)     In order to bring this action for breach of fiduciary duty, abuse of control and fraud, Board Member Defendants would have been required to sue themselves and/or their fellow directors and allies in the top ranks of the Company, who are their good friends and with whom they have entangling financial alliances, interests, and dependencies, which they would not do. They therefore would not be able to vigorously prosecute any such action.

(f)     The Board Member Defendants, including each of the Board Member Defendants herein, receive substantial salaries, bonuses, payments, benefits, and other emoluments by virtue of their membership on the Board and their control of Sprint They have thus benefited from the wrongs herein alleged and have engaged therein to preserve their positions of control and the perquisites thereof, and are incapable of exercising independent objective judgment in deciding whether to bring this action. The Board members also have close personal and business ties with each other and are, consequently, interested parties and cannot in good faith exercise independent business judgment to determine whether to bring this action against themselves.

(g)     The Sprint directors' and officers' liability insurance policies have an "insured vs. insured" exclusion. Thus, if the directors caused the Company to sue its officers and directors for the liability asserted in this case they would not be insured for that liability. They will not do this to themselves or the officers they hired. The directors' and officers' liability insurance was purchased and paid for with corporate funds to protect the Company. This derivative suit does not trigger the "insured vs. insured" exclusion, and thus only this derivative suit can obtain a recovery on the directors' and officers' liability insurance and benefit the Company.

## FIRST CAUSE OF ACTION

### Derivative Claim Against the Individual Defendants
### for Breach of Fiduciary Duties

59.    Plaintiff incorporates ¶¶1-59 above.

60.    Defendants, as officers and directors, are fiduciaries of Sprint and owed the Company the duty to conduct Sprint's business loyally, faithfully, carefully, diligently and prudently.

61.    Defendants, in their roles as executives and directors of the Company, participated in the acts of mismanagement alleged herein, or acted in reckless disregard of the facts known to them, and caused Sprint to violate the state laws whereby they misused proprietary corporate information for their personal profit.  Defendants became aware, or should have become aware through reasonable inquiry, of the adverse facts alleged herein, but did nothing to correct them and thereby breached their duty of care, loyalty, accountability and disclosure to the Company by failing to act as an ordinary prudent person would have acted in a like position.

62.    As a result of defendants' wrongful conduct and wrongful actions, including the failure to maintain a system of internal controls adequate to ensure the Company's compliance with the securities laws, Sprint has suffered considerable damage.

63.    All defendants, singly and in concert, engaged in the aforesaid conduct in the intentional breach and/or reckless disregard of their fiduciary duties to the Company and conspired to, and did, abuse the control vested in them by virtue of their high-level positions in the Company.

64.    By reason of the foregoing, defendants have breached their fiduciary obligations to Sprint.

65.    Sprint has been injured by reason of defendants' intentional breach and/or reckless disregard of their fiduciary duties to the Company.  Plaintiff, as a shareholder and a representative of Sprint seeks damages and other relief for the Company as hereinafter set forth.

## SECOND CAUSE OF ACTION

### Derivative Claim Against the Individual
### Defendants for Abuse of Control

66.     Plaintiff incorporates ¶¶1-66 above.

67.     Defendants' conduct constituted an abuse of their ability to control and influence

Sprint for which they are legally responsible.

68.     By reason of the foregoing, Sprint has been damaged.

69.     As a result of the misconduct alleged herein, defendants are liable.

## THIRD CAUSE OF ACTION

### Derivative Claim Against the Individual
### Defendants for Waste of Corporate Assets

70.     Plaintiff incorporates ¶¶1-70 above.

71.     Despite the deterioration of Sprint's financial condition due to the poor performance

in the sales of its products, and the falsification of Sprint's financial results and financial statements,

defendants failed to act in a cost-conscious manner to preserve the assets of Sprint.  The gross

mismanagement of the Company with respect to the foregoing, as alleged herein, resulted in the

waste of corporate assets.  Moreover, at a time when cost-cutting measures should have been

implemented, the executives, including certain members of the Board of Directors, received high

compensation for low performance.

72.     The imprudent and irresponsible spending and management of the affairs of Sprint by

defendants served no corporate purpose of Sprint and clearly constituted a waste of corporate assets.

73.     As a result of the foregoing, Sprint has been damaged in an amount not presently

ascertained.

- 22 -

## FOURTH CAUSE OF ACTION

### Derivative Claim Against the Individual
### Defendants for Gross Mismanagement

74.     Plaintiff incorporates ¶¶1-74 above.

75.     As detailed more fully herein, defendants had a duty to Sprint to prudently supervise, manage and control Sprint's operations.

76.     Defendants by their actions, either directly or through aiding and abetting, abandoned and abdicated their responsibilities and duties with regard to prudently managing the assets of Sprint in a manner consistent with the operations of a publicly held corporation.  By acting as alleged herein, defendants breached their duties of due care and diligence in the management and administration of Sprint's affairs and in the use and preservation of Sprint's assets.

77.     As a proximate result thereof, Sprint has been damaged.

### PRAYER FOR RELIEF

WHEREFORE, plaintiff demands judgment on behalf of Sprint as follows:

A.     Against each defendant for restitution and/or damages in favor of plaintiff, on behalf of Sprint, and appropriate attorneys' fees, plus pre-judgment interest;

B.     Extraordinary equitable and/or injunctive relief as permitted by law, equity and state statutory provisions sued on hereunder, including attaching, impounding, imposing a constructive trust on or otherwise restricting the proceeds of each defendant's trading activities or their other assets so as to assure that plaintiff and Sprint have an effective remedy;

C.     Awarding plaintiff the costs and disbursements of this action, including reasonable attorneys', accountants' and experts' fees; and

D.     Awarding such other relief as the Court may deem just and proper.

### JURY DEMAND

Plaintiff demands a trial by jury.

DATED: April 3, 2009

THE HERSHEWE LAW FIRM, P.C.

By: _____
    Michelle B. O'Neal, Esquire
    431 South Virginia Avenue
    Joplin, MO 64801
    Telephone: (417) 782-3790
    Fax: (417) 782-8482
    Kansas Bar No.: 18701
    Email: moneal@h-law.com

Alfred G. Yates, Jr., Esquire
Gerald L. Rutledge, Esquire
LAW OFFICE OF ALFRED G. YATES JR., P.C.
519 Allegheny Building
429 Forbes Avenue
Pittsburgh, PA 15219
Telephone: (412) 391-5164
Fax: (412) 471-1033
Email: yateslaw@aol.com

*Attorneys for Plaintiff Arthur I. Murphy, Jr., IRA*

# VERIFICATION

I, Arthur I. Murphy, Jr., hereby verify that I am familiar with the allegations in the Verified Shareholder Derivative Petition for Breach of Fiduciary Duty, Abuse of Control, Corporate Waste and Gross Mismanagement, and that I have authorized the filing of the Petition, and that the foregoing is true and correct to the best of my knowledge, information and belief.

Dated:  March 30, 2009

_Arthur I. Murphy, Jr._
Arthur I. Murphy, Jr.

IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS

ARTHUR I. MURPHY, JR., IRA,    )
    )
           Plaintiff,    )  Civil Action Number:
    )           09 C V 03 1 3 2
    vs.    )
    )
SPRINT NEXTEL CORPORATION,    )
et al.,    )
    )
           Defendants.    )

## MOTION FOR APPOINTMENT OF SPECIAL PROCESS SERVER

COME NOW the plaintiff by and through their undersigned counsel and pursuant to rule 60-303 (d)(3) Kansas Rules of Civil Procedure and Local Rule for the 10th Judicial District No. 4, move that Esquire Deposition Solutions, 720 Olive Street, Suite 1610, St. Louis, MO 63101, who is not a party and is not less than 18 years of age, be appointed as a special process server in the above cause to serve the summons and petition in this case, upon the grounds and for the reason of serving out of state defendants, William Arendt, Paul Saleh, Robert Bennett, James Hance, Jr., Gordon Bethune, Larry Glasscock, V. Janet Hill, Rodney O'Neal, Keith Bane, Linda Lorimer, William Kennard, and William Swanson.

Wherefore plaintiffs move this court to appoint Esquire Deposition Solutions as the special process server's in this cause as above styled.

CLERK OF DISTRICT COURT
JOHNSON COUNTY, KS
2009 APR -8 AM 11: 52

DATED: April 3, 2009

THE HERSHEWE LAW FIRM, P.C.

By: _____

Michelle B. O'Neal, Esquire
431 South Virginia Avenue
Joplin, MO 64801
Telephone: (417) 782-3790
Fax: (417) 782-8482
Kansas Bar #18701
Email: moneal@h-law.com

Alfred G. Yates, Jr., Esquire
Gerald L. Rutledge, Esquire
LAW OFFICE OF ALFRED G. YATES JR., P.C.
519 Allegheny Building
429 Forbes Avenue
Pittsburgh, PA 15219
Telephone: (412) 391-5164
Fax: (412) 471-1033
Email: yateslaw@aol.com

*Attorneys for Plaintiff Arthur I. Murphy, Jr., IRA*

IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS

ARTHUR I. MURPHY, JR., IRA,           )
                                      )
                    Plaintiff,        )   Civil Action Number:    09 C V 03 1 3 2
                                      )
        vs.                           )
                                      )
SPRINT NEXTEL CORPORATION,            )
et al.,                               )
                                      )
                    Defendants.       )

### ORDER

Now, on this _8th_ day of _April_, 2009 there comes before

the Court Plaintiff's Motion for Appointment of Special Process Server.

IT IS SO ORDERED that Plaintiff's Motion granted and Esquire Deposition Solutions,

720 Olive Street, Suite 1610, St. Louis, MO 63101, is hereby appointed as special

process server for purposes of serving out of state defendants, William Arendt, Paul

Saleh, Robert Bennett, James Hance, Jr., Gordon Bethune, Larry Glasscock, V. Janet

Hill, Rodney O'Neal, Keith Bane, Linda Lorimer, William Kennard, and William

Swanson. , in this matter.

_Rita J. Farmer_
~~Judge~~ of the District Court of Johnson County Kansas
Clerk

CLERK OF DISTRICT COURT
JOHNSON COUNTY, KS

2009 APR -8 AM 11: 53

IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS

ARTHUR I. MURPHY, JR., IRA,    )
                                    )
               Plaintiff,   )  Civil Action Number:    **09 C V O 3 1 3 2**
                                      )
     vs.                          )
                                      )
SPRINT NEXTEL CORPORATION,   )
et al.,                           )
                                      )
            Defendants.  )

## MOTION FOR APPOINTMENT OF SPECIAL PROCESS SERVER

COME NOW the plaintiff by and through their undersigned counsel and pursuant to rule 60-303 (d)(3) Kansas Rules of Civil Procedure and Local Rule for the 10th Judicial District No. 4, move Empire Process Service & Investigation, who is not a party and is not less than 18 years of age, be appointed as a special process server in the above cause to serve the summons and petition in this case, upon the grounds and for the reason of serving defendants, Gary Forsee, Irvine Hockaday and Daniel Hesse.

Wherefore plaintiffs move this court to appoint Empire Process Service & Investigation as the special process server's in this cause as above styled.

CLERK OF DISTRICT COURT
JOHNSON COUNTY, KS

2009 APR -8   AM 11: 52

DATED: April 2, 2009

THE HERSHEWE LAW FIRM, P.C.

By: _____
      Michelle B. O'Neal, Esquire
      431 South Virginia Avenue
      Joplin, MO 64801
      Telephone: (417) 782-3790
      Fax: (417) 782-8482
      Kansas Bar No.: 18701
      Email: moneal@h-law.com

Alfred G. Yates, Jr., Esquire
Gerald L. Rutledge, Esquire
LAW OFFICE OF ALFRED G. YATES JR., P.C.
519 Allegheny Building
429 Forbes Avenue
Pittsburgh, PA 15219
Telephone: (412) 391-5164
Fax: (412) 471-1033
Email: yateslaw@aol.com

*Attorneys for Plaintiff Arthur I. Murphy, Jr., IRA*

## IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS

ARTHUR I. MURPHY, JR., IRA,     )
                                        )
                   **Plaintiff,**   )  **Civil Action Number:**     09 C V 03 132
                                          )
     vs.                            )
                                        )
SPRINT NEXTEL CORPORATION,    )
et al.,                         )
                                        )
               **Defendants.**  )

### ORDER

Now, on this _____8th_____ day of ____April____, 2009 there comes before

the Court Plaintiff's Motion for Appointment of Special Process Server.

IT IS SO ORDERED that Plaintiff's Motion granted Empire Process Service &

Investigation, is hereby appointed as special process server for purposes of serving

defendants, Gary Forsee, Irvine Hockaday and Daniel Hesse, in this matter.

_Rita J. Farmer, Deputy_
_____
~~Judge~~ of the District Court of Johnson County Kansas
_Clerk_

IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS

ARTHUR I. MURPHY, JR., IRA,      )
                                 )
                Plaintiff,       )  Civil Action Number:     '09 C V 0 3 1 3 2
                                 )
        vs.                      )
                                 )
SPRINT NEXTEL CORPORATION,       )
et al.,                          )
                                 )
                Defendants.      )

## MOTION FOR APPOINTMENT OF SPECIAL PROCESS SERVER

COME NOW the plaintiff by and through their undersigned counsel and pursuant to rule 60-303 (d)(3) Kansas Rules of Civil Procedure and Local Rule for the 10th Judicial District No. 4, move that Greg Halford of CIS, Inc., 3601 SW 29th Street, Suite 132, Topeka, Kansas 66614, who is not a party and is not less than 18 years of age, be appointed as a special process server in the above cause to serve the summons and petition in this case, upon the grounds and for the reason of serving defendant, Sprint Nextel Corporation.

Wherefore plaintiffs move this court to appoint Greg Halford as the special process server's in this cause as above styled.

CLERK OF DISTRICT COURT
JOHNSON COUNTY, KS

2009 APR -8 AM 11: 52

DATED: April 2, 2009

THE HERSHEWE LAW FIRM, P.C.

By: _____
    Michelle B. O'Neal, Esquire
    431 South Virginia Avenue
    Joplin, MO 64801
    Telephone: (417) 782-3790
    Fax: (417) 782-8482
    Kansas Bar No.: 18701
    Email: moneal@h-law.com

Alfred G. Yates, Jr., Esquire
Gerald L. Rutledge, Esquire
LAW OFFICE OF ALFRED G. YATES JR., P.C.
519 Allegheny Building
429 Forbes Avenue
Pittsburgh, PA 15219
Telephone: (412) 391-5164
Fax: (412) 471-1033
Email: yateslaw@aol.com

*Attorneys for Plaintiff Arthur I. Murphy, Jr., IRA*

## IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS

ARTHUR I. MURPHY, JR., IRA,    )
                                  )
                 Plaintiff,   )  Civil Action Number:    **'09 C V 03 1 3 2**
                                  )
    vs.                         )
                                  )
SPRINT NEXTEL CORPORATION,    )
et al.,                        )
                                  )
                Defendants.  )

### ORDER

Now, on this _____9th_____ day of _____April_____, 2009 there comes before

the Court Plaintiff's Motion for Appointment of Special Process Server.

IT IS SO ORDERED that Plaintiff's Motion granted and Greg Halford of CIS,

Inc., 3601 SW 29th Street, Suite 132, Topeka, Kansas 66614, is hereby appointed as

special process server for purposes of serving defendant, Sprint Nextel Corporation, in

this matter.

_Rita J. Farmer, Deputy_

~~Judge~~ Clerk of the District Court of Johnson County, Kansas

CLERK OF DISTRICT COURT
JOHNSON COUNTY, KS
2009 APR -8  AM 11: 53

IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS
100 NORTH KANSAS AVENUE
OLATHE, KANSAS 66061

Arthur I. Murphy, Jr., IRA
_____
**Plaintiff**

Case No. **'09 C V 03 1 3 2**
Division_____
Chapter_____, K.S.A.____

**VS**

Sprint Nextel Corporation, et al.
_____
**Defendant**

### REQUEST AND SERVICE INSTRUCTION FORM

**To:**   **Clerk of the District Court**

Please issue a _____ Summons & Petition
in this action for _____ William H. Swanson
                              (name)
whose address for service is: _____ 300 Boylston Street, Unit 1203
Boston, MA  02116-3967

**Service is requested as indicated:**

_____**a.**   **Service through the Sheriff of _____**
**County, State of _____. Returns may be faxed**
**to (913) 715-3401. 7 days a week - 24 hours a day.**

**X**   **b.**   ~~Service by an authorized process server~~. Service back to attorney for
service by Process Server.

_____**c.**   **Certified mail service by the undersigned litigant or attorney, who understands**
**that it is their responsibility to obtain service and to make the return to the clerk.**
**The postal receipt for service must be filed with the Clerk's office to prove**
**service.**

_____**d.**   **Certified mail service by the Sheriff of Johnson County Kansas.  Sheriff of**
**Johnson County does not do out-of-state service by certified mail.**

Signature: _____
Attorney for: Plaintiff
Kansas Supreme Court No. 18701
Address: 431 Virginia
Joplin, MO  64801

Telephone No. 417-782-3790
Fax No. 417-782-8482

CLERK OF DISTRICT COURT
JOHNSON COUNTY, KS

2009 APR -8 PM 12: 32

IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS
100 NORTH KANSAS AVENUE
OLATHE, KANSAS 66061

Arthur I. Murphy, Jr., IRA
_____
**Plaintiff**

**09** C V 03 132

Case No._____
Division_____
Chapter_____, K.S.A._____

**VS**

Sprint Nextel Corporation, et al.
_____
_____
**Defendant**

<u>REQUEST AND SERVICE INSTRUCTION FORM</u>

To:    Clerk of the District Court

Please issue a _____ Summons & _Petition_____
in this action for _____ William E. Kennard_____
                                         (name)
whose address for service is: ___ 3225 Ellicott Street NW_____
                                   Washington, DC  20008_____
_____

**Service is requested as indicated:**

____a.  **Service through the Sheriff of** _____
        **County, State of** _____. **Returns may be faxed**
        **to (913) 715-3401. 7 days a week - 24 hours a day.**

_X_ b.  ~~XXXXXXXXXXXXXXXXXXXXXXXXXX~~. Service back to attorney for
        service by Process Server.

____c.  **Certified mail service by the undersigned litigant or attorney, who understands**
        **that it is their responsibility to obtain service and to make the return to the clerk.**
        **The postal receipt for service must be filed with the Clerk's office to prove**
        **service.**

____d.  **Certified mail service by the Sheriff of Johnson County Kansas. Sheriff of**
        **Johnson County does not do out-of-state service by certified mail.**

Signature:_____
Attorney for: Plaintiff
Kansas Supreme Court No. _18701_
Address: _431 Virginia_____
         _Joplin, MO  64801_____

Telephone No. _417-782-3790_____
Fax No. _417-782-8482_____

CLERK OF DISTRICT COURT
JOHNSON COUNTY, KS

2009 APR -8  PM 12: 30

**IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS**
**100 NORTH KANSAS AVENUE**
**OLATHE, KANSAS 66061**

Arthur I. Murphy, Jr., IRA
_____
**Plaintiff**

Case No. **'09 C V 0 3 1 3 2**
Division_____
Chapter_____, K.S.A._____

**VS**

Sprint Nextel Corporation, et al.
_____
**Defendant**

### REQUEST AND SERVICE INSTRUCTION FORM

**To:    Clerk of the District Court**

Please issue a ___ Summons ∮ _Petition_
in this action for ___ Linda K. Lorimer
                              (name)
whose address for service is: ___ 55 Highland Street
                              New Haven, CT  06511

**Service is requested as indicated:**

____a.  **Service through the Sheriff of** _____
         **County, State of** _____. **Returns may be faxed**
         **to (913) 715-3401. 7 days a week - 24 hours a day.**

_X_ b.  ~~Service by an independent process server~~. Service back to attorney for
         service by Process Server.

____c.  **Certified mail service by the undersigned litigant or attorney, who understands**
         **that it is their responsibility to obtain service and to make the return to the clerk.**
         **The postal receipt for service must be filed with the Clerk's office to prove**
         **service.**

____d.  **Certified mail service by the Sheriff of Johnson County Kansas. Sheriff of**
         **Johnson County does not do out-of-state service by certified mail.**

Signature: _____
Attorney for: Plaintiff
Kansas Supreme Court No. _18701_
Address: _431 Virginia_
            _Joplin, MO  64801_

Telephone No. _417-782-3790_
Fax No. _417-782-8482_

CLERK OF DISTRICT COURT
JOHNSON COUNTY, KS

2009 APR -8  PM 12: 29

IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS
100 NORTH KANSAS AVENUE
OLATHE, KANSAS 66061

Arthur I. Murphy, Jr., IRA
_____
                    **Plaintiff**                                           '09 C V 03 1 3 2

                                                              Case No._____
                                                              Division_____
                    **VS**                                    Chapter_____, K.S.A.____

Sprint Nextel Corporation, et al.
_____
                    **Defendant**

### REQUEST AND SERVICE INSTRUCTION FORM

**To:**   **Clerk of the District Court**

          Please issue a _____ Summons & *Petition* _____
in this action for _____ Keith J. Bane _____
                                        **(name)**
whose address for service is: ___ 4285 Coyote Lakes Circle _____
                                Lake In The Hills, IL  60156-6509 _____
                                _____

**Service is requested as indicated:**

____**a.**  **Service through the Sheriff of** _____
            **County, State of** _____. **Returns may be faxed**
            **to (913) 715-3401. 7 days a week - 24 hours a day.**

_X_ **b.**  ~~Service by any disinterested party.~~ Service back to attorney for
            service by Process Server.

____**c.**  **Certified mail service by the undersigned litigant or attorney, who understands**
            **that it is their responsibility to obtain service and to make the return to the clerk.**
            **The postal receipt for service must be filed with the Clerk's office to prove**
            **service.**

____**d.**  **Certified mail service by the Sheriff of Johnson County Kansas.  Sheriff of**
            **Johnson County does not do out-of-state service by certified mail.**

**Signature:** _____
**Attorney for:** Plaintiff
**Kansas Supreme Court No.** 18701
**Address:** 431 Virginia
            Joplin, MO  64801
_____

**Telephone No.** 417-782-3790
**Fax No.** 417-782-8482

CLERK OF DISTRICT COURT
JOHNSON COUNTY, KS

2009 APR -8 PM 12: 26

IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS
100 NORTH KANSAS AVENUE
OLATHE, KANSAS 66061

Arthur I. Murphy, Jr., IRA
_____

**Plaintiff**

Case No. '09 C V 03 1 3 2
Division_____
Chapter_____, K.S.A.____

**VS**

Sprint Nextel Corporation, et al.
_____

**Defendant**

## REQUEST AND SERVICE INSTRUCTION FORM

To:    **Clerk of the District Court**

**Please issue a** _____ Summons & Petition _____
**in this action for** _____ Rodney O'Neal _____
(name)
**whose address for service is:** __ 2767 Turtle Shores Drive #D ___
Bloomfield Hills, MI   48302-0768

**Service is requested as indicated:**

____**a.**   **Service through the Sheriff of** _____
**County, State of** _____. **Returns may be faxed**
**to (913) 715-3401. 7 days a week - 24 hours a day.**

_X_ **b.**   ~~Service by a private person pursuant~~. Service back to attorney for
service by Process Server.

____**c.**   **Certified mail service by the undersigned litigant or attorney, who understands**
**that it is their responsibility to obtain service and to make the return to the clerk.**
**The postal receipt for service must be filed with the Clerk's office to prove**
**service.**

____**d.**   **Certified mail service by the Sheriff of Johnson County Kansas.  Sheriff of**
**Johnson County does not do out-of-state service by certified mail.**

**Signature:** _____
**Attorney for:** Plaintiff
**Kansas Supreme Court No.** 18701
**Address:** 431 Virginia
Joplin, MO   64801

**Telephone No.** 417-782-3790
**Fax No.** 417-782-8482

CLERK OF DISTRICT COURT
JOHNSON COUNTY, KS

2009 APR -8  PM 12: 24

IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS
100 NORTH KANSAS AVENUE
OLATHE, KANSAS 66061

Arthur I. Murphy, Jr., IRA
_____
                    **Plaintiff**

**VS**

Sprint Nextel Corporation, et al.
_____
                    **Defendant**

**'09 C V 0 3 1 3 2**

Case No._____
Division_____
Chapter_____, K.S.A.____

### REQUEST AND SERVICE INSTRUCTION FORM

**To:    Clerk of the District Court**

Please issue a _____ Summons _____

in this action for _____ V. Janet Hill _____

                              (name)

whose address for service is: ___ 10300 Walker Lake Dr. _____

                              Great Falls, VA  22066-3557 _____
                              _____

**Service is requested as indicated:**

____a.   **Service through the Sheriff of** _____
         **County, State of** _____. **Returns may be faxed**
         **to (913) 715-3401. 7 days a week - 24 hours a day.**

_X_ b.   ~~XXXXXXXXXXXXXXXXXXXXXXXXXXXX~~. Service back to attorney for
         service by Process Server.

____c.   **Certified mail service by the undersigned litigant or attorney, who understands**
         **that it is their responsibility to obtain service and to make the return to the clerk.**
         **The postal receipt for service must be filed with the Clerk's office to prove**
         **service.**

____d.   **Certified mail service by the Sheriff of Johnson County Kansas.  Sheriff of**
         **Johnson County does not do out-of-state service by certified mail.**

Signature: _____
Attorney for: Plaintiff _____
Kansas Supreme Court No. _18701_
Address: _431 Virginia_____
         Joplin, MO   64801

Telephone No. _417-782-3790_____
Fax No. _417-782-8482_____

CLERK OF DISTRICT COURT
JOHNSON COUNTY, KS

'2009 APR -8  PM 12: 24

IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS
100 NORTH KANSAS AVENUE
OLATHE, KANSAS 66061

Arthur I. Murphy, Jr., IRA
_____
**Plaintiff**

**'09** C V 0 3 **1 3 2**

Case No._____
Division_____
Chapter_____, K.S.A.____

**VS**

Sprint Nextel Corporation, et al.
_____
**Defendant**

## REQUEST AND SERVICE INSTRUCTION FORM

To:   Clerk of the District Court

Please issue a _____ Summons *& Petition*_____
in this action for _____ Daniel R. Hesse _____
                              (name)
whose address for service is: ___ 5208 Belleview Avenue _____
                              Kansas City, MO  64112-2336

**Service is requested as indicated:**

____a.   **Service through the Sheriff of** _____
         **County, State of** _____. **Returns may be faxed**
         **to (913) 715-3401. 7 days a week - 24 hours a day.**

_X_ b.   ~~XXXXXXXXXXXXXXXXXXXXXXX~~. Service back to attorney for
         service by Process Server.

____c.   **Certified mail service by the undersigned litigant or attorney, who understands**
         **that it is their responsibility to obtain service and to make the return to the clerk.**
         **The postal receipt for service must be filed with the Clerk's office to prove**
         **service.**

____d.   **Certified mail service by the Sheriff of Johnson County Kansas. Sheriff of**
         **Johnson County does not do out-of-state service by certified mail.**

Signature: _____
Attorney for: Plaintiff
Kansas Supreme Court No. 18701
Address: 431 Virginia
         Joplin, MO  64801

Telephone No. 417-782-3790
Fax No. 417-782-8482

CLERK OF DISTRICT COURT
JOHNSON COUNTY, KS

2009 APR -8  PM 12: 23

**IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS**
**100 NORTH KANSAS AVENUE**
**OLATHE, KANSAS 66061**

Arthur I. Murphy, Jr., IRA
_____
                    **Plaintiff**                                              '09 C V 03 1 3 2

                                                                    Case No._____
                                                                    Division_____
                    **VS**                                          Chapter_____, K.S.A._____

Sprint Nextel Corporation, et al.
_____
                    **Defendant**

<u>REQUEST AND SERVICE INSTRUCTION FORM</u>

**To:**    **Clerk of the District Court**

        **Please issue a** _____    Summons & Petition _____
**in this action for** _____    Larry C. Glasscock _____
                                              (name)
**whose address for service is:** _____ 7837 Morningside Lane _____
                        _____ Indianapolis, IN   46240-2588 _____

**Service is requested as indicated:**

____**a.**    **Service through the Sheriff of** _____
        **County, State of** _____. **Returns may be faxed**
        **to (913) 715-3401. 7 days a week - 24 hours a day.**

 X  **b.**    ~~XXXXXXXXXXXXXXXXXXXXXXXXXXXXXX~~. Service back to attorney for
        service by Process Server.

____**c.**    **Certified mail service by the undersigned litigant or attorney, who understands**
        **that it is their responsibility to obtain service and to make the return to the clerk.**
        **The postal receipt for service must be filed with the Clerk's office to prove**
        **service.**

____**d.**    **Certified mail service by the Sheriff of Johnson County Kansas. Sheriff of**
        **Johnson County does not do out-of-state service by certified mail.**

**Signature:** _____
**Attorney for:** Plaintiff _____
**Kansas Supreme Court No.** 18701 _____
**Address:** 431 Virginia _____
        Joplin, MO   64801 _____

**Telephone No.** 417-782-3790 _____
**Fax No.** 417-782-8482 _____

CLERK OF DISTRICT COURT
JOHNSON COUNTY, KS

2009 APR -8  PM 12: 22

**IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS**
**100 NORTH KANSAS AVENUE**
**OLATHE, KANSAS 66061**

Arthur I. Murphy, Jr., IRA
_____

**Plaintiff**

**'09** C V **03 1 3 2**

Case No._____
Division_____
Chapter_____, K.S.A._____

**VS**

Sprint Nextel Corporation, et al.
_____

**Defendant**

## REQUEST AND SERVICE INSTRUCTION FORM

**To:    Clerk of the District Court**

Please issue a _____ Summons & Petition _____
in this action for _____ Gordon M. Bethune _____
                                      (name)
whose address for service is: ___ 3340 Del Monte Dr. _____
                              Houston, TX   77019-3104 _____
                              _____

**Service is requested as indicated:**

____**a.**  **Service through the Sheriff of** _____
          **County, State of** _____. **Returns may be faxed**
          **to (913) 715-3401. 7 days a week - 24 hours a day.**

_X_**b.**  ~~Service by an undersigned process server.~~ Service back to attorney for
          service by Process Server.

____**c.**  **Certified mail service by the undersigned litigant or attorney, who understands**
          **that it is their responsibility to obtain service and to make the return to the clerk.**
          **The postal receipt for service must be filed with the Clerk's office to prove**
          **service.**

____**d.**  **Certified mail service by the Sheriff of Johnson County Kansas. Sheriff of**
          **Johnson County does not do out-of-state service by certified mail.**

Signature: _____
Attorney for: Plaintiff
Kansas Supreme Court No. 18701
Address: 431 Virginia
            Joplin, MO  64801

Telephone No. 417-782-3790
Fax No. 417-782-8482

CLERK OF DISTRICT COURT
JOHNSON COUNTY, KS

2009 APR -8  PM 12: 20

IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS
100 NORTH KANSAS AVENUE
OLATHE, KANSAS 66061

Arthur I. Murphy, Jr., IRA

_____
**Plaintiff**

**09 C V 03 1 3 2**

Case No._____
Division_____
Chapter_____, K.S.A._____

**VS**

Sprint Nextel Corporation, et al.

_____
**Defendant**

### REQUEST AND SERVICE INSTRUCTION FORM

**To:**   **Clerk of the District Court**

Please issue a _____ Summons & Petition_____
in this action for ___ Irvine O. Hockaday, Jr._____
                              **(name)**
whose address for service is: ___ 2626 Verona Rd._____
                                  Mission Hills, KS   66208-1266_____

**Service is requested as indicated:**

____ **a.**   **Service through the Sheriff of** _____
              **County, State of** _____. **Returns may be faxed**
              **to (913) 715-3401. 7 days a week - 24 hours a day.**

  X  **b.**   ~~XXXXXXXXXXXXXXXXXXXXXXXXXX~~. Service back to attorney for
              service by Process Server.

____ **c.**   **Certified mail service by the undersigned litigant or attorney, who understands**
              **that it is their responsibility to obtain service and to make the return to the clerk.**
              **The postal receipt for service must be filed with the Clerk's office to prove**
              **service.**

____ **d.**   **Certified mail service by the Sheriff of Johnson County Kansas.  Sheriff of**
              **Johnson County does not do out-of-state service by certified mail.**

**Signature:** _____
**Attorney for:** Plaintiff_____
**Kansas Supreme Court No.** _18701___
**Address:** _431 Virginia_____
            Joplin, MO   64801

**Telephone No.** 417-782-3790_____
**Fax No.** _417-782-8482_____

CLERK OF DISTRICT COURT
JOHNSON COUNTY, KS

2009 APR -8  PM 12: 20

IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS
100 NORTH KANSAS AVENUE
OLATHE, KANSAS 66061

Arthur I. Murphy, Jr., IRA
_____
**Plaintiff**

Case No.**'09** C V 0 3 1 3 2
Division_____
Chapter_____, K.S.A._____

**VS**

Sprint Nextel Corporation, et al
_____
**Defendant**

## REQUEST AND SERVICE INSTRUCTION FORM

**To:**   **Clerk of the District Court**

Please issue a _____ Summons ℓ *Petition*
in this action for _____ James H. Hance, Jr. _____
                              (name)
whose address for service is: _____ 101 Gem Island Dr. _____
                     Indian River Shores, FL  32963

**Service is requested as indicated:**

_____**a.**   **Service through the Sheriff of** _____
          **County, State of** _____. **Returns may be faxed**
          **to (913) 715-3401. 7 days a week - 24 hours a day.**

_X_**b.**   ~~Service by the Sheriff of Johnson County.~~ Service back to attorney for
          service by Process Server.

_____**c.**   **Certified mail service by the undersigned litigant or attorney, who understands**
          **that it is their responsibility to obtain service and to make the return to the clerk.**
          **The postal receipt for service must be filed with the Clerk's office to prove**
          **service.**

_____**d.**   **Certified mail service by the Sheriff of Johnson County Kansas. Sheriff of**
          **Johnson County does not do out-of-state service by certified mail.**

Signature: _____
Attorney for: Plaintiff
Kansas Supreme Court No._18701_
Address: _431 Virginia_
         _Joplin, MO  64801_

Telephone No. _417-782-3790_
Fax No. _417-782-8482_

CLERK OF DISTRICT COURT
JOHNSON COUNTY, KS

2009 APR -8 PM 12: 19

IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS
100 NORTH KANSAS AVENUE
OLATHE, KANSAS 66061

Arthur I. Murphy, Jr., IRA
_____
                        **Plaintiff**

**09 C V 03 1 32**

Case No._____
Division_____
Chapter_____, K.S.A.____

                **VS**

Sprint Nextel Corporation, et al.
_____
                        **Defendant**

### REQUEST AND SERVICE INSTRUCTION FORM

**To:**     **Clerk of the District Court**

Please issue a _____ Summons & Petition _____

in this action for _____ James H. Hance, Jr. _____
                                    (name)

whose address for service is: _____ 424 Eastover Rd. _____
                                _____ Charlotte, NC  28207-2352 _____

**Service is requested as indicated:**

____**a.**   **Service through the Sheriff of** _____
       **County, State of** _____. **Returns may be faxed**
       **to (913) 715-3401. 7 days a week - 24 hours a day.**

__X__**b.**   ~~XXXXXXXXXXXXXXXXXXXXXXXX~~. Service back to attorney for
       service by Process Server.

____**c.**   **Certified mail service by the undersigned litigant or attorney, who understands**
       **that it is their responsibility to obtain service and to make the return to the clerk.**
       **The postal receipt for service must be filed with the Clerk's office to prove**
       **service.**

____**d.**   **Certified mail service by the Sheriff of Johnson County Kansas. Sheriff of**
       **Johnson County does not do out-of-state service by certified mail.**

Signature: _____
Attorney for: Plaintiff
Kansas Supreme Court No. 18701
Address: 431 Virginia
         Joplin, MO  64801
_____

Telephone No. 417-782-3790
Fax No. 417-782-8482

CLERK OF DISTRICT COURT
JOHNSON COUNTY KS

2009 APR -8 PM 12: 18

**IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS**
**100 NORTH KANSAS AVENUE**
**OLATHE, KANSAS 66061**

Arthur I. Murphy, Jr., IRA

_____
                **Plaintiff**

'09 C V 03 1 3 2

Case No._____
Division_____
Chapter_____, K.S.A.____

            **VS**

Sprint Nextel Corporation, et al.

_____
                **Defendant**

### REQUEST AND SERVICE INSTRUCTION FORM

To:     **Clerk of the District Court**

Please issue a _____ Summons & _Petition_____

in this action for _____ Robert R. Bennett _____
                                **(name)**

whose address for service is: ____ 10900 E. Hilltop Rd. _____
                                    Parker, CO  80134-6239 _____
                              _____

**Service is requested as indicated:**

____**a.**  **Service through the Sheriff of _____**
        **County, State of _____. Returns may be faxed**
        **to (913) 715-3401. 7 days a week - 24 hours a day.**

_X__**b.**  ~~XXXXXXXXXXXXXXXXXXXXXXXXXX~~ Service back to attorney for
        service by Process Server.

____**c.**  **Certified mail service by the undersigned litigant or attorney, who understands**
        **that it is their responsibility to obtain service and to make the return to the clerk.**
        **The postal receipt for service must be filed with the Clerk's office to prove**
        **service.**

____**d.**  **Certified mail service by the Sheriff of Johnson County Kansas.  Sheriff of**
        **Johnson County does not do out-of-state service by certified mail.**

Signature:_____
Attorney for:__Plaintiff_____
Kansas Supreme Court No.__18701___
Address:__431 Virginia_____
        __Joplin, MO  64801___
        _____

Telephone No. __417-782-3790__
Fax No.__417-782-8482_____

CLERK OF DISTRICT COURT
JOHNSON COUNTY, KS

2009 APR -8 PM 12: 09

IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS
100 NORTH KANSAS AVENUE
OLATHE, KANSAS 66061

Arthur I. Murphy, Jr., IRA
_____
                            **Plaintiff**

Case No. **'09 C V 03 1 3 2**
Division_____
Chapter_____, K.S.A.____

          **VS**

Sprint Nextel Corporation, et al.
_____
                          **Defendant**

### REQUEST AND SERVICE INSTRUCTION FORM

**To:**    **Clerk of the District Court**

    **Please issue a**   Summons & Petition
**in this action for**   Paul N. Saleh
                   **(name)**
**whose address for service is:**  2219 Aryness Dr.
                  Vienna, VA  22181

**Service is requested as indicated:**

____**a.**   **Service through the Sheriff of** _____
       **County, State of** _____. **Returns may be faxed**
       **to (913) 715-3401. 7 days a week - 24 hours a day.**

_X_ **b.**  ~~Xerxxxxxxxxxxxxxxxxxxxxxxxxxx~~. Service back to attorney for
       service by Process Server.

____**c.**  **Certified mail service by the undersigned litigant or attorney, who understands**
       **that it is their responsibility to obtain service and to make the return to the clerk.**
       **The postal receipt for service must be filed with the Clerk's office to prove**
       **service.**

____**d.**  **Certified mail service by the Sheriff of Johnson County Kansas. Sheriff of**
       **Johnson County does not do out-of-state service by certified mail.**

**Signature:** _____
**Attorney for:** Plaintiff
**Kansas Supreme Court No.** 18701
**Address:** 431 Virginia
       Joplin, MO  64801

**Telephone No.** 417-782-3790
**Fax No.** 417-782-8482

CLERK OF DISTRICT COURT
JOHNSON COUNTY, KS
2009 APR -8 PM 12: 08

IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS
100 NORTH KANSAS AVENUE
OLATHE, KANSAS 66061

Arthur I. Murphy, Jr., IRA

_____
                    **Plaintiff**

**VS**

Sprint Nextel Corporation, et al.

_____
                    **Defendant**

**'09 C V 0 3 1 3 2**

Case No._____
Division_____
Chapter_____, K.S.A._____

### REQUEST AND SERVICE INSTRUCTION FORM

**To:**   **Clerk of the District Court**

Please issue a _____ Summons & *Petition* _____
in this action for ____ William G. Arendt _____
                              (name)
whose address for service is: ____ 10224 Brittenford Dr. ____
                              Vienna, VA  22182 ____
_____

**Service is requested as indicated:**

____a.   **Service through the Sheriff of** _____
         **County, State of** _____. **Returns may be faxed**
         **to (913) 715-3401. 7 days a week - 24 hours a day.**

 X  b.   ~~XXXXXXXXXXXXXXXXXXXXXXXXXXX~~. Service back to attorney for
         service by Process Server.

____c.   **Certified mail service by the undersigned litigant or attorney, who understands**
         **that it is their responsibility to obtain service and to make the return to the clerk.**
         **The postal receipt for service must be filed with the Clerk's office to prove**
         **service.**

____d.   **Certified mail service by the Sheriff of Johnson County Kansas.  Sheriff of**
         **Johnson County does not do out-of-state service by certified mail.**

Signature: _____
Attorney for: Plaintiff
Kansas Supreme Court No. 18701
Address: 431 Virginia
         Joplin, MO  64801
_____

Telephone No. 417-782-3790
Fax No. 417-782-8482

CLERK OF DISTRICT COURT
JOHNSON COUNTY, KS

2009 APR -8  PM 12: 07

IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS
100 NORTH KANSAS AVENUE
OLATHE, KANSAS 66061

Arthur I. Murphy, Jr., IRA
_____
**Plaintiff**

Case No. **'09 C V 03 1 3 2**
Division_____
Chapter_____, K.S.A._____

**VS**

Sprint Nextel Corporation, et al.
_____
**Defendant**

## REQUEST AND SERVICE INSTRUCTION FORM

**To:    Clerk of the District Court**

**Please issue a** _____ Summons & *Petition* _____
**in this action for** ___ Gary D. Forsee _____
(name)
**whose address for service is:** ___ 3 Dunford Circle _____
Kansas City, MO   64112 _____

**Service is requested as indicated:**

____ **a.    Service through the Sheriff of** _____
**County, State of** _____. **Returns may be faxed
to (913) 715-3401. 7 days a week - 24 hours a day.**

__X__ **b.    ~~XXXXXXXXXXXXXXXXXXXX~~.** Service back to attorney for
service by Process Server.

____ **c.    Certified mail service by the undersigned litigant or attorney, who understands
that it is their responsibility to obtain service and to make the return to the clerk.
The postal receipt for service must be filed with the Clerk's office to prove
service.**

____ **d.    Certified mail service by the Sheriff of Johnson County Kansas.  Sheriff of
Johnson County does not do out-of-state service by certified mail.**

**Signature:** _____
**Attorney for:** Plaintiff
**Kansas Supreme Court No.** 18701 _____
**Address:** 431 Virginia _____
Joplin, MO   64801
_____

**Telephone No.** 417-782-3790 _____
**Fax No.** 417-782-8482 _____

CLERK OF DISTRICT COURT
JOHNSON COUNTY, KS

2009 APR -8 PM 12: 05



IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS
100 NORTH KANSAS AVENUE
OLATHE, KANSAS 66061

Arthur I. Murphy, Jr., IRA
_____
                    **Plaintiff**

Case No. **09 C V 03 13 2**
Division_____
Chapter_____, K.S.A._____

**VS**

Sprint Nextel Corporation, et al.
_____
                    **Defendant**

## REQUEST AND SERVICE INSTRUCTION FORM

To:     Clerk of the District Court

Please issue a _____ Summons & *Petition*
in this action for __Sprint Nextel Corporation_____
                              (name)
whose address for service is: ___200 SW 30th Street_____
                              Topeka, KS  66611

Service is requested as indicated:

____a.   Service through the Sheriff of _____
         County, State of _____. Returns may be faxed
         to (913) 715-3401. 7 days a week - 24 hours a day.

_X_ b.   ~~XXXXXXXXXXXXXXXXXXXXXXXXXXXXX~~. Service back to attorney for
         service by Process Server.

____c.   Certified mail service by the undersigned litigant or attorney, who understands
         that it is their responsibility to obtain service and to make the return to the clerk.
         The postal receipt for service must be filed with the Clerk's office to prove
         service.

____d.   Certified mail service by the Sheriff of Johnson County Kansas.  Sheriff of
         Johnson County does not do out-of-state service by certified mail.

Signature: _____
Attorney for: _Plaintiff_____
Kansas Supreme Court No. _18701__
Address: _431 Virginia_____
         Joplin, MO  64801

Telephone No. _417-782-3790___
Fax No. _417-782-8482_____

CLERK OF DISTRICT COURT
JOHNSON COUNTY, KS

2009 APR -8  PM 12: 03

## IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS

ARTHUR I. MURPHY, JR., IRA, Derivatively   )
On Behalf of SPRINT NEXTEL   )
CORPORATION,   )
                                        )    Case No. 09-CV-03132
                Plaintiff,   )
                                        )    Division 3
     vs.   )
                                          )
GARY D. FORSEE, et al.   )
                                        )
             Defendants.   )

## DEFENDANT SPRINT NEXTEL CORPORATION'S UNOPPOSED MOTION FOR EXTENSION OF TIME TO ANSWER OR OTHERWISE RESPOND TO PLAINTIFF'S PETITION

Defendant Sprint Nextel Corporation ("Sprint Nextel") respectfully requests an extension of time for all Defendants in this case to answer or otherwise respond to Plaintiff's Petition, until and including June 15, 2009. Plaintiff consents to this request. In support of its motion, Sprint Nextel states:

1.     On April 8, 2009, Plaintiff filed its Petition asserting shareholder derivative claims against Sprint Nextel and other Defendants.

2.     Neither Sprint Nextel nor any other defendant has requested or received any previous time extensions from the Court.

3.     Sprint Nextel's answer or other response currently is due May 5, 2009.

4.     Sprint Nextel request an additional forty-six (46) days from the date of this motion for Defendants to Answer or otherwise responds to Plaintiff's Petition.

5.     The requested additional time is necessary to resolve issues regarding service of process on a number of the defendants and to coordinate defendants' responses to the Plaintiff's Petition.

SCANDATE 2009/05/01 11:29



**FAX FILED**

6.      Counsel for Sprint Nextel has consulted with Plaintiff's counsel concerning this
request and Plaintiff consents to the requested extension.

7.      Without limiting the foregoing, by entering into this Motion Defendants do not waive,
and expressly reserve, any and all defenses, including those based on personal or
subject matter jurisdiction.

WHEREFORE Sprint Nextel respectfully requests that this Court enter an order granting Sprint
Nextel and all Defendants an extension of time to answer or otherwise respond to the Petition
until June 15, 2009. A proposed Order Granting the Motion is attached for the Court's
convenience.

Respectfully submitted,

ROUSE HENDRICKS GERMAN MAY PC

By_____

Randall E. Hendricks  KS #16959
Mark W. McGrory      KS #12316
One Petticoat Lane Building
1010 Walnut Street, Suite 400
Kansas City, MO 64106-2147
Telephone:    (816) 471-7700
Facsimile:    (816) 471-2221

Attorneys for Defendant Sprint Nextel Corp.

Of counsel:

Jay B. Kasner
Scott D. Musoff
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
Telephone: (212) 735-3000
Facsimile: (212) 735-2000

SCANDATE 2009/05/01 11:29

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing pleading was mailed, postage prepaid, this 30th of April, 2009, by depositing same in the United State mail addressed to the following:

Michelle B. O'Neal
The Hershewe Law Firm PC
431 South Virginia Avenue
Joplin, MO 64801

Alfred G. Yates, Jr.
Gerald L. Rutledge
Law Offices of Alfred G. Yates Jr., PC
519 Allegheny Building
429 Forbes Avenue
Pittsburg, PA 15219

*Attorneys for Plaintiff Arthur L. Murphy, Jr.*

Attorney for Defendant Sprint Nextel Corp.

SCANDATE 2009/05/01 11:29

## IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS

ARTHUR I. MURPHY, JR., IRA, Derivatively       )
On Behalf of SPRINT NEXTEL                      )
CORPORATION,                                    )
                                                )       Case No. 09-CV-03132
                        Plaintiff,              )
                                                )       Division 3
        vs.                                     )
                                                )
GARY D. FORSEE, et al.                          )
                                                )
                        Defendants.             )

### ORDER

Before the Court is Defendant Sprint Nextel Corporation's Unopposed Motion for Extension of Time to Answer or Otherwise Respond to Plaintiff's Petition. For good cause shown, it is hereby ORDERED that said Motion for Extension of Time is GRANTED, and all Defendants shall have an additional forty-six (46) days, up to and including June 15, 2009, to answer or otherwise respond to Plaintiff's Petition.

        IT IS SO ORDERED.

                                        _____
                                        District Court Judge Sutherland

Submitted by:
ROUSE HENDRICKS GERMAN MAY PC



By _____
        Randall E. Hendricks KS #16959
        Mark W. McGrory     KS #12316
        One Petticoat Lane Building
        1010 Walnut Street, Suite 400
        Kansas City, MO 64106-2147
        Telephone:   (816) 471-7700
        Facsimile:   (816) 471-2221

Attorneys for Defendant Sprint Nextel Corp.

SCANDATE 2009/05/01 11:29

From:Rouse Hendricks German May PC      816 471 2221          04/30/2009 14:22      #120 P.005/005

## IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS

ARTHUR I. MURPHY, JR., IRA, Derivatively ⟩
On Behalf of SPRINT NEXTEL ⟩
CORPORATION, ⟩
⟩          Case No. 09-CV-03132
                        Plaintiff, ⟩
⟩          Division 3
     vs. ⟩
⟩
GARY D. FORSEE, et al. ⟩
⟩
                        Defendants. ⟩

### ORDER

Before the Court is Defendant Sprint Nextel Corporation's Unopposed Motion for Extension of Time to Answer or Otherwise Respond to Plaintiff's Petition. For good cause shown, it is hereby ORDERED that said Motion for Extension of Time is GRANTED, and all Defendants shall have an additional forty-six (46) days, up to and including June 15, 2009, to answer or otherwise respond to Plaintiff's Petition.

IT IS SO ORDERED.

District Court Judge Sutherland

Submitted by:
ROUSE HENDRICKS GERMAN MAY PC

By _____
Randall E. Hendricks KS #16959
Mark W. McGrory    KS #12316
One Petticoat Lane Building
1010 Walnut Street, Suite 400
Kansas City, MO 64106-2147
Telephone:    (816) 471-7700
Facsimile:    (816) 471-2221
Attorneys for Defendant Sprint Nextel Corp.

SCANDATE 2009/05/01 11:29

04/30/2009 THU 15:17 [TX/RX NO 7360] @005

CLERK OF DISTRICT COURT
JOHNSON COUNTY, KS

2009 MAY -5 PM 3: 45